(103 So. 922)

BURFORD v. LISMAN LUMBER CO. (2 Div. 333.) (Court of Appeals of Alabama. Feb. 19, 1924. On Motion to Reinstate, Feb. 17, 1925. Rehearing Denied March 17, 1925.) Appeal from Circuit Court, Choctaw County; Claude A. Grayson, Judge. Action by J. B. Burford against the Lisman Lumber Company. Judgment for defendant, and plaintiff appeals. Appeal dismissed.

Gray & Dansby, of Butler, and John S. Tilley, of Montgomery, for appellant.

Counsel argue against the motion to dismiss the appeal, but without citing authorities.

Thos. F. Seale, of Livingston, for appellee.

The appeal should be dismissed. Supreme Court rule 13.

FOSTER, J. For failure of appellant's counsel to assign errors and to file a brief in compliance with Supreme Court rule 13, this appeal is dismissed on motion of appellee.

On Motion to Reinstate.

RICE, J. This case is before us for decision upon appellant's motion to withdraw the opinion heretofore rendered, dismissing this appeal, set aside the submission of said cause, and reinstate same upon the docket of this court. The record discloses that the case was tried in the circuit court of Choctaw county in November, 1922; an appeal taken on the 26th day of April, 1923; the bill of exceptions being signed February 9, 1923; and the transcript filed in this court on October 11, 1923. Motion was made by appellee on February 12, 1924, at the regular call of this case in this court, to dismiss the case because of appellant having failed to assign errors or file a brief. This motion was granted by this court on February 19, 1924, as shown by order entered of that date. We have carefully examined the record, briefs, and appellant's motion, and the affidavits submitted in support thereof. The court is not unmindful of the hardship that may be worked by its ruling herein, but it is apparent that, in order to secure uniformity and equality between litigants, it is necessary that reasonable rules be promulgated and adhered to. And where, as here, the rules have been ignored, the court cannot be expected to deviate therefrom to the hurt of the opposing litigant, who protests. No sufficient showing having been made to justify the court in withdrawing its decree of dismissal entered on February 19, 1924, the motion is accordingly overruled.

BRICKEN, P. J. (dissenting). The order here entered does not and cannot have my approval. Errors were assigned by appellant on April 16, 1924, and appellant's briefs were filed on April 18, 1924, and the affidavits on file clearly show that the failure to assign errors and file brief before submission was due to a misunderstanding and an inadvertence. I can discover nothing to indicate negligence in this connection. It is earnestly insisted that appellant has a meritorious cause, and in my opinion this cause should be decided upon its merits, and that such rights as the appellant may have in the premises should not be denied upon a mere technicality. It may be proper, probably, to demand the "pound of flesh," and that same should be awarded where the substantial rights of parties are involved, and mandatory rules require; but here this condition is not shown, and the writer's inherent idea of fair play, and that justice must and shall be done, causes this protest or dissent from the order made by my associates. I do not hesitate to say that the order dismissing the appeal should be set aside, and that the rights of parties should be adjudicated by a decision upon the merits of this cause.